UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Nov 13   2 41 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

GEORGIA WHYNE,
    *Plaintiff*

VS.

UNITED STATES OF AMERICA,
    *Defendant*

**CIVIL ACTION. NO**:
3:03CV931(PCD)

OCTOBER 22, 2003

## REPORT OF PARTIES' PLANNING MEETING

Complaint filed on May 23, 2003

Complaint served on defendant on June 23, 2003

Defendant United States appeared on September 3, 2003

    Pursuant to Fed. R. Civ. P. 16(b), 26 (f) and Local Rule 38, a conference was held on Wednesday, October 15, 2003. The participants were:

        (a) Ikechukwu Umeugo of Umeugo & Associates, P.C., for the plaintiff,

        (b) William M. Brown, Jr. for the defendant United States

1

I.   **Certification**

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.  **Jurisdiction**

A.   Jurisdiction is founded on FTCA (Federal Torts Claim Act). Plaintiff is a citizen of the State of Connecticut, the defendant United States Government is the owner and operator of the United States Postal Service and its branches, including the branch in which the slip and fall incident occurred.

III. **Brief Description of Case**

A.   Claims of Plaintiff:

1.   The defendant United States had a place of business located at 369 Washington Avenue, Kilby Station, New Haven, Connecticut, to which it invited the general public. The United States owned, operated and maintained an office known as the United States Postal Service station, agency and/or office on the property located at 369 Washington Avenue, Kilby Station, New Haven, Connecticut, to which it invited the general public.

2.   On or about December 5, 2002, on the premises at 360 Washington Avenue, Kilby Station, New Haven, Connecticut, the plaintiff, an invitee, patron and a customer, while entering the said post office, right at the entrance door, she slipped on the ice/snow, fell and injured herself.

2

3. The defendant, and/or their employees, agents, or representatives, had notice and knowledge, or with reasonable diligence should have had notice and have known, of the dangerous and hazardous condition of the ice/snow but wholly neglected to remedy said condition. It was the duty of the defendant to exercise ordinary care to maintain the entrance way or doors, plow the snow, remove the ice and/or spread sand and salt on the entrance way or door area and to ensure that the entrance way is in a reasonably safe condition for its patrons and invitees, but failed to do so. The defendant was negligent in failing to keep and maintain the premises in a reasonably safe condition for public use and free from ice, snow and dangerous and unsafe conditions in one or more of the following ways:

    (a) They failed to remove the ice and snow

    (b) Failed to make proper and reasonable inspection of said premises which were under their care, custody and control;

    (c) Allowed, permitted and/or took no steps to prevent pedestrians or other persons lawfully in that vicinity from walking over the ice and snow entrance way and/or door

    (d) Failed to plow the snow, remove the ice and/or spread sand and salt on the entrance-way and/or door.

    (e) Failed to warn members of the public, including the plaintiff, of the aforesaid dangerous and hazardous condition existing on the premises.

    4.     As a result of this occurrence, the plaintiff sustained:

        (a) left knee injury

        (b) right shoulder injury

        (c) left leg injury

        (d) left knee bruises

**Defenses and claims of the Defendant:**

1.     Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

2.     Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of the amount Plaintiff set forth in the administrative claim she presented to the United States Postal Service

3.     Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States Postal Service.

4.     Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against the United States.

5.     Plaintiff's Amended Complaint fails to state a claim or any claim upon which relief can be granted against Defendant.

6.     Plaintiff's injuries, damages and losses, if any, were solely and proximately caused by her own negligence, carelessness or recklessness.

7.     Plaintiff's fault and negligence in causing this accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff's fault and negligence in causing the accident. Moreover,

4

Plaintiff is prohibited from recovering any amount against Defendant if Plaintiff's fault and negligence in causing the accident was greater than the fault if any, of Defendant.

**IV.    Statement of Undisputed Facts**

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

A.    That the United States Postal Service leased the premises and operated the post office located at 369 Washington Avenue, Kilby Station, in New Haven, Connecticut. Precipitation was falling at the premises of the Kilby Station Post Office at approximately 1:30 p.m. on December 5, 2002, when the plaintiff claims she fell as she attempted to enter the front door. Defendant owed business invitees a duty to keep the premises in a reasonably safe condition.

**V.    Case Management Plan**

A.    Standing Order on Scheduling in Civil Cases

The parties do request a modification of the deadlines in the Standing Order on Scheduling In Civil Cases as follows:

   a.    All discovery should be completed on or before April 30, 2004.

   b.    Summary judgment motions should be filed on or before June 4, 2004.

B.    Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

    C.    Early Settlement Conference

        1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

        2.    The plaintiff requests an early settlement conference.

        3.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn L.Civ.R. 36.

    D.    Joinder of Parties and Amendment of Pleadings

        1.    Plaintiff should be allowed until December 6, 2003 to file motions to join additional parties and until January 6, 2004, to file motions to amend the pleadings.

        2.    Defendants should be allowed until December 6, 2003, to file motions to join additional parties and until January 6, 2004, to file a response to the complaint.

    E.    Discovery

        1.    The parties anticipate that discovery will be needed on the following subjects:

            a.    Plaintiff's injury claims.

            b.    Liability and damages.

        2.    All discovery, including depositions of expert witnesses pursuant to Fed. R.Civ. P. 26(b)(4), will be commenced by December 15, 2003, will be completed by April 30, 2004.

        3.    Discovery will not be conducted in phases.

        4.    Discovery will be completed by April 30, 2004.

5. The parties anticipate that the plaintiff will require a total of two depositions of fact witnesses, the defendant United States will require two depositions of fact witnesses. The depositions will commence by November 1, 2003, and will be completed by April 30, 2004.

6. The parties may request permission to serve more than twenty-five interrogatories.

7. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by December 15, 2003. Depositions of any such experts will be completed by February 15, 2004.

8. Defendants will call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26 (a)(2) by February 15, 2004. Depositions of any such experts will be completed by April 30, 2004..

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages on or before April 30, 2004.

F. Dispositive motions

1. Dispositive motions will be filed on or before June 4, 2004.

G. Joint Trial Memorandum

1. The joint trial memorandum required by the Standing Order on Trial

Memoranda in Civil Cases will be filed by June 4, 2004, if no motions for summary judgment have been filed. If a motion for summary judgment is filed, the joint trial memorandum will be filed (if necessary) within 30 days of a decision on that motion.

**VI   Trial Readiness**

The case will be ready for trial by June 30, 2004 or within 30 days after the joint trial memorandum is filed.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF

Date 11/11/03            BY: _____
                              IKECHUKWU UMEUGO
                              UMEUGO & ASSOCIATES, P.C.
                              840 ORANGE AVENUE
                              P.O. BOX 26373
                              WEST HAVEN, CT 06516
                              FED. BAR NO.: ct19324

DEFENDANT UNITED STATES

Date 11/7/03             By: _____
                              WILLIAM M. BROWN, JR.
                              ASSISTANT U.S. ATTORNEY
                              CONNECTICUT FINANCIAL CENTER
                              157 CHURCH STREET
                              NEW HAVEN, CT 06510
                              FED. BAR NO.: ct20813